UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LESAMUEL PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV412-220 |
| | ) |
| STATE OF GEORGIA, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

On August 24, 2012, the Clerk sent habeas petitioner LeSamuel Palmer a filing fee deficiency notice explaining that he had failed to pay the Court's $5 habeas filing fee.[1] (Doc. 2.) The docket reflects that a service copy of the notice was mailed to Palmer at the address he provided. The notice was returned as undeliverable on August 30, 2012. (Doc. 4.)

Petitioner has neglected to provide the Court with a current mailing address. Local Rule 11.1 places a continuing duty on *pro se*

---

[1] Palmer is contesting actions taken by a court in Bulloch County, Georgia, which lies within the Statesboro division of this Court. Ordinarily, the Court would transfer the case to that division, but it would serve no purpose here since the case is plainly due to be dismissed.

litigants to keep the Court apprised of their current address. Without a litigant's current mailing address, the Court cannot move the case forward or even communicate with petitioner.[2]

A court has the power to prune from its docket those cases that amount to no more than mere deadwood. Accordingly, Palmer's habeas petition should be **DISMISSED** without prejudice for his failure to prosecute this action. S.D. Ga. LR 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

**SO REPORTED AND RECOMMENDED** this  24th  day of September, 2012.

/s/ G.R. Smith<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA

---

[2] As court policy does not allow pro se litigants to utilize electronic filing, they may only be served by mail. Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means § III(B), *available at* http://www.gasd.uscourts.gov/pdf/EcfProcedures.pdf (last visited September 24, 2012).